IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                                     **PLAINTIFF**

v.                               **CASE NO. 4:20-CR-00064-BSM**

**DANIEL GIBSON**                                                                 **DEFENDANT**

## ORDER

Daniel Gibson's motions to appoint counsel [Doc. No. 163]; for compassionate release [Doc. No. 164]; and to vacate, set aside, or correct his sentence under 28 United States Code section 2255 [Doc. No. 165] are denied.

### I. BACKGROUND

Gibson pled guilty to conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, and he was sentenced as a career offender to 262 months' imprisonment. Doc. Nos. 95 & 148. Gibson now moves to appoint counsel; for compassionate release; and to vacate, set aside, or correct his sentence under 28 United States Code section 2255. Doc. Nos. 163–65. He asserts that counsel was ineffective, the government engaged in prosecutorial misconduct, his due process rights were violated, and he is entitled to the safety valve as set forth in 18 United States Code section 3553(f) based on Amendment 817 to United States Sentencing Guidelines section 5C1.2. The government opposes Gibson's requests. Doc. No. 166.

### II. DISCUSSION

Gibson's motions to appoint counsel; for compassionate release; and to vacate, set

aside, or correct his sentence under 28 United States Code section 2255 are denied.

    A.    <u>Counsel</u>

Gibson's motion to appoint counsel is denied because there is no right to appointed counsel in a compassionate release motion, *see United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009) (per curiam) (no right to appointed counsel in sentence modification proceedings under section 3582(c)(2)), or in a section 2255 motion, *see Baker v. United States*, 334 F.2d 444, 447–48 (8th Cir. 1964).

    B.    <u>Compassionate Release</u>

Gibson's motion for compassionate release is denied and dismissed without prejudice because he has not exhausted his administrative remedies. *See* U.S. Resp. Def.'s Mot. Compassionate Release 1–2, Doc. No. 166; Def.'s Mot. Compassionate Release 1–3, Doc. No. 164; *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021) (the requirement that a prisoner exhaust his administrative remedies before filing a motion for compassionate release in the district court is a mandatory claim-processing rule, and as such, it must be enforced so long as the opposing party properly raises it).

    C.    <u>Vacate, Set Aside, or Correct Sentence</u>

Gibson's motion to vacate, set aside, or correct his sentence is denied because the record does not establish ineffective assistance of counsel or prosecutorial misconduct, Gibson's due process rights were not violated, and he is not entitled to application of the safety valve provision set forth in 18 United States Code section 3553(f) based on Amendment 817 to United States Sentencing Guidelines section 5C1.2.

*1. Ineffective Assistance of Counsel*

Gibson's ineffective assistance of counsel claim is denied because he has failed to show that counsel committed errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Although Gibson contends that the sentencing enhancements he received were concealed from him, the record does not support this argument.

*2. Prosecutorial Misconduct*

Gibson's prosecutorial misconduct claim is denied. Prosecutorial misconduct claims require a defendant to show that the government's conduct was improper and affected his substantial rights. *See United States v. Clayton*, 787 F.3d 929, 933 (8th Cir. 2015). Gibson does not meet this burden for several reasons. First, the claim is procedurally defaulted because it was not raised on direct appeal. *See Jennings v. United States*, 696 F.3d 759, 762 (8th Cir. 2012). Second, the record does not support the claim. Third, even if Gibson were able to show that the government engaged in improper conduct, nothing in the record indicates his rights were affected by that conduct. This is true because Gibson freely signed the plea agreement setting forth the relevant facts and, after being informed of his rights, he voluntarily entered a guilty plea.

*3. Due Process*

Gibson's due process claim is denied. To state a due process claim, Gibson must "demonstrate that he was deprived of life, liberty or property by government action." *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Gibson's due process claim is denied

for the same reasons his prosecutorial misconduct claim is denied.

### 4. Safety Valve

Gibson is not entitled to application of the safety valve provision set forth in 18 United States Code section 3553(f) based on Amendment 817 to United States Sentencing Guidelines section 5C1.2 because Amendment 817 is not retroactive and it has no application to Gibson's case. *See* U.S. Resp. Def.'s Mot. Compassionate Release 3; *see also United States v. Palmer*, No. 8:18-CR-19, 2024 WL 1484626, at *1 (D. Neb. Apr. 5, 2024). Moreover, Gibson's section 2255 motion was not timely filed. *See Lopez v. United States*, 799 F. App'x 444, 445 (8th Cir. 2020) (per curiam) (a section 2255 motion is timely filed if brought within one year of the date on which the judgment of conviction becomes final or the one-year period runs from the date on which a retroactive right was initially recognized by the Supreme Court); Judgment, Doc. No. 148 (entered Feb. 7, 2023); *Palmer*, 2024 WL 1484626, at *1 (Amendment 817 effective Nov. 1, 2023).

### 5. Hearing on Motion

There is no need to conduct an evidentiary hearing because the record conclusively shows that Gibson is not entitled to relief. *See Roundtree v. United States*, 751 F.3d 923, 925 (8th Cir. 2014).

### 6. Certificate of Appealability

No certificate of appealability is issued because Gibson has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

## III. CONCLUSION

For these reasons, Gibson's motions to appoint counsel; for compassionate release; and to vacate, set aside, or correct his sentence under 28 United States Code section 2255 are denied.

IT IS SO ORDERED this 28th day of January, 2025.

_____
UNITED STATES DISTRICT JUDGE